## LAVENDER v. MILES.

(District Court, N. D. California, S. D. February 16, 1925.)

No. 16972.

Master and servant ⊜⟹251—Injured employee electing to sue under Arizona statute need not tender back payment received.

Under the Arizona Workmen's Compensation Act, which permits an employee, at his election, to bring an action at law for an injury and provides that in such action any sum paid him by the employer on account of the injury may be set off, it is not necessary for plaintiff to tender back a sum so received on his signing a paper which was in fact an election to take under the Compensation Act, but which he understood to be something entirely different.

At Law. Action by John E. Lavender against Charles Miles. On motion by defendant for new trial. Denied.

4 F.(2d)—11

R. H. Cross, of San Francisco, Cal., for plaintiff.

John Ralph Wilson and C. K. Bonestell, both of San Francisco, Cal., for defendant.

PARTRIDGE, District Judge. This is an action for personal injuries to a workman under the laws of Arizona. The plaintiff was working as the engineer and operator of a gasoline drag-line dredger, engaged in road work. This machine had canvas curtains, which could be rolled up, and which were designed to protect the operator from the sun and wind. One of these curtains was caught in the gearing, and, as it was wound up, it caught the plaintiff, and seriously and permanently injured him.

The workmen's compensation statutes of the state of Arizona are peculiar, in that they allow an injured employee either to proceed at common law, or to accept a periodical compensation, limited to the gross sum of $4,000, or to bring an action in the common-law courts, in which certain defenses are inhibited.

After the plaintiff had been in the hospital for some time, he was notified that there was a check for him at the local express office. He went there, and received a check, for the amount which would have been due him under the compensation provisions of the statute. At the same time, he signed a paper, which turned out to be an election to accept the compensation. However, he testified that he was not permitted to read it, and, in fact, believed it to be nothing but a receipt for the money. The jury were instructed as follows:

"You are instructed that the execution of said agreement and the payment and acceptance of said monthly amounts was an election binding upon plaintiff, and that the same constitutes a bar to this action and prevents his recovery, unless you shall believe from clear and satisfactory evidence on plaintiff's part that at the time he executed said agreement, and at the time he accepted said payments, he did not understand the purport of said agreement and did not know that the same was an agreement on his part to accept compensation under said Compulsory Workman's Compensation Law. If you believe from the evidence that he did so understand, then your verdict must be for the defendant."

"In determining that question—that is to say, the question as to whether or not the plaintiff did intend to waive his rights by signing that paper—I instruct you that there is a presumption that where a man in pos-

session of his senses and able to read and write signs a paper document, he knows the contents thereof, but that presumption may be repelled either by evidence which satisfies you that he did not know what he was signing, or by evidence which may satisfy your minds that he did not realize the purport, intent, and effect of the paper writing, or that he never intended to enter into an election, as shown by that paper."

Moreover, section 3160 of the Arizona statute provides:

"That any contract, rule, regulation or device whatsoever, the purpose or intent of which shall be to enable any employer to exempt himself or itself from any liability created by this chapter, shall to that extent be void; provided, that in any action brought against any such employer under or by virtue of any of the provisions of this chapter, such employer may set off therein any sum it has contributed or paid to any insurance, relief, benefit, or indemnity or that it may have paid to the injured employee or his personal representative on account of the injury or death for which said action was brought."

Under this statute, it seems plain to me that the plaintiff was not bound to tender back what he has received. Such cases as Mahr v. Union Pacific Co., 170 F. 699, 96 C. C. A. 19, apply only to releases which are actually executed, even though the injured person may have been induced to sign them by fraud or misrepresentation. But in this case (irrespective of the statute), if his testimony is believed, he never executed the election at all, but signed the paper believing it was something entirely different.

It is next urged that no negligence was shown. Under the alternative form of action allowed by the Arizona statute, the injured employee is entitled to recover, irrespective of negligence. See decision of Supreme Court of Arizona in Consolidated Arizona Smelting Co. v. Egich, 22 Ariz. 543, 199 P. 132.

I think the complaint is sufficient under the Arizona statute.

Let the petition for new trial be denied.